Philip J. Danaher, Esq. Informal Opinion Town Attorney No. 96-30 Town of Nassau 11 North Pearl Street Albany, N Y 12207
Dear Mr. Danaher:
You have asked whether section 233 of the Real Property Law, in its regulation of mobile home parks, has preempted a local law enacted by your town.
Under the local law which authorizes "site plan" review, a "mobile home park" is a parcel of land which is planned and improved for the placement of two or more mobile homes which are to be used as dwellings. Any person desiring to establish a mobile home park must fill out a detailed application so that the town can determine whether the proposed site meets the minimum requirements of the State and county Departments of Health and all applicable sanitary codes of the State of New York. The applicant also must appear before the town planning board for review by the board of the general arrangement of the park, including the location and width of streets; the location, size and arrangement of lots; and other considerations relative to the site plan.
Specifically, your concern is that section 233 of the Real Property Law defines "mobile home park" differently than the town's local law. Under section 233, a "mobile home park" means a contiguous parcel of privately-owned land which is used for the accommodation of three or more mobile homes occupied for year-round living. Real Property Law §233(a)(3). Your question is whether the town local law legally can have a different definition of "mobile home park" than State law.
While section 233 preempts local regulations in the field of mobile home park landlord/tenant relations, it has no application to the field of local government site plan regulations. Therefore, section 233's definition of "mobile home park" does not apply to your municipality's local law on site plan regulation.
Section 233 of the Real Property Law establishes a detailed and comprehensive statutory scheme for regulation of the rights and obligations of mobile home park owners or operators and mobile home tenants. Halperin v. Sullivan County, 171 A.D.2d 157, 159-160 (3d Dept 1991); see also, Ba Mar v. Rockland County, 164 A.D.2d 605 (2d Dept), appdismissed, 78 N.Y.2d 877 (1991). Compelling evidence of the State's intent to preempt is found in the statute's legislative history, which indicates a design by the Legislature to alleviate various problems existing in the area of mobile home landlord and tenant relationships and the goal of striking a balance between the interests of mobile home park owners or operators and mobile home tenants throughout the State.Id.Amendments to section 233 were prompted by State-wide concerns regarding the disparity in bargaining positions between mobile home park owners or operators and mobile home tenants. Id.; see, Mobile Home Parks: A Joint Report of the New York State Attorney General and New York State Consumer Protection Board (June 1984). The courts have held that Real Property Law § 233, because of its comprehensive treatment of mobile home park owner or operator and tenant relations, preempts local laws in the field. Id.; Halperin v. Sullivan County,supra; Ba Mar v. Rockland County, supra.
It seems clear that while section 233 of the Real Property Law has been held to be preemptive, it only covers the field of landlord/tenant relations in mobile home parks. Any local law dealing with this subject area would be preempted by the provisions of section 233. Local laws dealing with the siting of mobile home parks in accordance with zoning and land use regulations are outside the field of regulation and, therefore, are not subject to section 233. See, Op Atty Gen (Inf) No. 89-20.
Therefore, a different definition of "mobile home park" for purposes of site plan review by a town of a proposed mobile home park under the provisions of section 274-a of the Town Law would not be preempted by section 233's definition because site plan regulation is not governed by section 233. It appears from your letter that your town has enacted a local law granting to the planning board the power of site plan review and has designated mobile home parks as a use subject to that review. Under section 274-a(2), site plans show the arrangement, layout and design of the proposed use of land. Site plan elements which may be included in the town's legislation include parking requirements, means of access, screening, signs, landscaping, architectural features, location and dimension of buildings, adjacent land uses, physical features to protect adjacent land uses and any additional elements specified by the town board as part of the local law. Id.These elements are outside the coverage of section 233.
We note that the exclusion of mobile home parks from designated areas of a town has been held constitutional. Malone Village Board v. ZoningBoard, 164 A.D.2d 24 (3d Dept 1990). It is significant that the town has not excluded all mobile homes as permanent residences, but has merely limited their location by requiring compliance with site plan regulations. Town of Pompey v. Parker, 44 N.Y.2d 805 (1978).
We conclude that the definition of a mobile home park in a town local law establishing site plan regulations is not preempted by section233 of the Real Property Law. While section 233 is preemptive with respect to landlord/tenant relationships in mobile home parks, it does not apply to site plan regulations enacted as part of the municipality's local laws on land use regulation. We recommend, however, that you review your local law in its entirety to determine whether it also covers landlord/tenant relationships. Section 233 would preempt these matters.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions